UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SEVEN SEAS INSURANCE COMPANY, INC., a Florida Corporation, as subrogee of SEABOARD MARINE, LTD., INC. | * * | CASE NO.: _____ |
| Versus | * | JUDGE: _____ |
| INDUSTRIAL MARITIME CARRIERS, LLC, a Louisiana Limited Liability Company, ELLER-I.T.O. STEVEDORING COMPANY LLC, a Foreign Limited Liability Company | * * | MAG. JUDGE _____ |

\* \* \* \* \* \* \* \*

## COMPLAINT

COMES NOW, Plaintiff, SEVEN SEAS INSURANCE COMPANY, INC., a Florida Corporation, as subrogee of SEABOARD MARINE, LTD., INC., by and through undersigned counsel, and for its Complaint against Defendants, INDUSTRIAL MARITIME CARRIERS, LLC, a Louisiana Limited Liability Company, and ELLER-I.T.O. STEVEDORING COMPANY LLC, a Foreign Limited Liability Company, states as follows:

1. This action arises from maritime torts and breaches of maritime contracts within the admiralty and maritime jurisdiction of this Court pursuant to 28 U.S.C §1333 within the meaning of Fed. R. Civ. Pro. 9(h) and the Court has supplemental jurisdiction under 28 U.S.C. § 1367, as more fully appears below.

2. Plaintiff SEVEN SEAS INSURANCE COMPANY, INC. (hereinafter "SEVEN SEAS"), is a Florida Corporation with its principle place of business at 5 East 11th Street, Riviera Beach, FL, 33404.

3. At all times material hereto SEVEN SEAS is in the business of writing marine cargo insurance policies, and issued marine cargo Policy Number 01-181-95 insuring a Liebherr

LHM 320 crane (hereinafter the "crane") owned by Subrogor SEABOARD MARINE, LTD., INC. (hereinafter "SEABOARD").

4. Upon information and belief, Defendant INDUSTRIAL MARITIME CARRIERS, LLC (hereinafter "INDUSTRIAL") is a Louisiana Limited Liability Company.

5. Upon information and belief, at all times material hereto, INDUSTRIAL was the owner or charterer of the M/V INDUSTRIAL CENTURY and operated as the vessel cargo carrier to transport the crane aboard the M/V INDUSTRIAL CENTURY from the Port of Miami to Port of Cartagena, Colombia.

6. Upon information and belief, Defendant ELLER-I.T.O. STEVEDORING COMPANY, LLC (hereinafter "ELLER"), is a Florida registered Foreign Limited Liability Company with its principle place of business at 1007 North America Way, Suite 501, Miami, FL 33132.

7. Upon information and belief, at all times material hereto, ELLER operated as the stevedore to load the crane aboard the M/V INDUSTRIAL CENTURY at the Port of Miami.

8. On or about October 13, 2011, the crane sustained substantial damage while being loaded by ELLER aboard the M/V INDUSTRIAL CENTURY at the Port of Miami for transportation by INDUSTRIAL to Port of Cartagena, Colombia, and was rendered a constructive total loss.

9. SEVEN SEAS paid $1,760,000.00 to SEABOARD for the total loss of the crane and incurred additional expenses in mitigating the loss and adjusting the claim.

10. All conditions precedent to the filing of this action have been satisfied and/or have been waived, and SEVEN SEAS is entitled to assert subrogation rights against the Defendants.

## COUNT I
## NEGLIGENCE (ELLER)

11. SEVEN SEAS readopts and realleges the allegations set forth in paragraphs 1 through 10 as if set forth herein at length and alleges further that:

12. ELLER was responsible for providing stevedoring services in loading SEABOARD's crane aboard the M/V INDUSTRIAL CENTURY.

13. ELLER, as the stevedore loading said crane, owed a duty to SEABOARD, as owner and consignor of the crane, to use and exercise reasonable care in loading the crane aboard the M/V INDUSTRIAL CENTURY so as to not cause damage to the crane.

14. The said crane was in the possession or control of ELLER, and ELLER breached its duty to SEABOARD by

(a) failing to inspect the hoisting slings, tackle, and/or rigging prior to conducting loading operations,

(b) failing to properly supervise its employees during the loading operations and all facets of the rigging,

(c) failing to use the proper hoisting slings, tackle, and/or rigging to load the crane, and

(d) failing to avoid damage to the crane which should have been prevented had reasonable care been given.

15. Furthermore, during the course of planning and carrying out the lift of the crane, ELLER recognized the inadequacies and dangers in the planned lift but, notwithstanding this actual knowledge, continued the same in an unsafe manner, resulting in the loss of the crane.

16. As a result of said breach of its duty by ELLER, the crane was dropped during the loading operations and was declared a total loss.

17.     As a direct and proximate result of ELLER's breach of its duty to SEABOARD, Plaintiff has sustained damages as aforesaid.

## COUNT II
## NEGLIGENCE (INDUSTRIAL)

18.     SEVEN SEAS readopts and realleges the allegations set forth in paragraphs 1 through 10 as if set forth herein at length and alleges further that:

19.     INDUSTRIAL was negligent in failing to provide and/or providing inadequate hoisting slings, tackle and/or rigging in order to load the crane aboard the M/V INDUSTRIAL CENTURY and negligent in supervising its crew and ELLER's loading of the crane.

20.     INDUSTRIAL was also negligent by

(1)     failing to properly plan,

(2)     failing to inspect the hoisting slings, tackle, and/or rigging prior to providing the equipment to ELLER for the stevedoring operations,

(3)     failing to properly supervise ELLER during the loading operations and all facets of the rigging,

(4)     failing to provide ELLER the proper hoisting slings, tackle, and/or rigging to load the crane, and

(5)     failing to exercise reasonable care as a result of its negligent acts and/or omissions.

21.     As a result of INDUSTRIAL's negligence, the crane was dropped during the loading operation and was declared a total loss.

22.     INDUSTRIAL's negligence was a proximate cause of damage to plaintiff, causing damage to plaintiff as aforementioned.

## COUNT III
## BREACH OF WARRANTY (ELLER)

23. SEVEN SEAS readopts and realleges the allegations set forth in paragraphs 1 through 10 as if set forth herein at length and alleges further that:

24. ELLER was responsible for providing stevedoring services in a good and workmanlike manner.

25. ELLER, as the stevedore loading the crane, owed a duty of workmanlike performance to SEABOARD, as owner and consignor of the crane.

26. ELLER breached its warranty of workmanlike performance by:

(a) failing to inspect the hoisting slings, tackle, and/or rigging prior to conducting loading operations,

(b) failing to properly supervise its employees during the loading operations and all facets of the rigging,

(c) failing to use the proper hoisting slings, tackle, and/or rigging to load the crane, and

(d) failing to avoid damage to the crane which should have been prevented had reasonable care been given.

27. As a result of this breach, the crane was dropped during the loading operation and was declared a total loss.

28. As a direct and proximate result of ELLER's breach of its duty of workmanlike performance, plaintiff has sustained damages as aforesaid.

WHEREFORE, the Plaintiff, SEVEN SEAS INSURANCE COMPANY, INC., prays this Honorable Court that judgment be entered against the Defendant, ELLER-I.T.O.

STEVEDORING COMPANY LLC, in favor of the Plaintiff, and award damages in the amount of $1,760,000.00, plus costs, prejudgment interest, and such other relief as this Court may deem just and proper.

## COUNT IV
## BREACH OF CONTRACT/WARRANTY (INDUSTRIAL)

29. SEVEN SEAS readopts and realleges the allegations set forth in paragraphs 1 through 10 as if set forth herein at length and alleges further that:

30. SEABOARD entered into a contract with INDUSTRIAL based on the customary freight unit of weight to transport the subject crane aboard the M/V INDUSTRIAL CENTURY from the Port of Miami to Port of Cartagena, Colombia.

31. INDUSTRIAL never issued a Bill of Lading but issued a Booking Note which incorporated the terms and conditions of its Bill of Lading.

32. INDUSTRIAL, while in possession of the crane at issue, owed a duty of reasonable care to protect the aforesaid crane from damage.

33. Further, INDUSTRIAL assumed the duty under the Bill of Lading to provide the hoisting slings, tackle, and/or rigging to ELLER in order to load the crane aboard the M/V INDUSTRIAL CENTURY and to supervise ELLER's loading of the crane.

34. Further, INDUSTRIAL owed warranties such as seaworthiness and fitness of its equipment, appurtenances and crew to insure the safe loading and carriage of the crane.

35. INDUSTRIAL breached its duties and warranties to SEABOARD by

    (1) failing to properly plan,

    (2) failing to inspect the hoisting slings, tackle, and/or rigging prior to providing the equipment to ELLER for the stevedoring operations,

(3) failing to properly supervise ELLER during the loading operations and all facets of the rigging,

(4) failing to provide ELLER the proper hoisting slings, tackle, and/or rigging to load the crane, and

(5) failing to exercise reasonable care as a result of its negligent acts and/or omissions.

36. As a result of said breaches, the crane was dropped during the loading operations and was declared a total loss.

37. INDUSTRIAL's breach of its duties and warranties was a proximate cause of damage to Plaintiff, causing damage to the Plaintiff as aforementioned.

## COUNT V
## BREACH OF BAILMENT (ELLER)

38. SEVEN SEAS readopts and realleges the allegations set forth in paragraphs 1 through 10 as if set forth herein at length and alleges further that:

39. At all times material hereto, ELLER was a bailee for hire of the subject crane owned by SEABOARD.

40. ELLER took possession of the crane from SEABOARD and agreed to load and stow the crane aboard the M/V INDUSTRIAL CENTURY.

41. ELLER thereby became the bailee of said crane and owed SEABOARD the duty as a bailee to exercise ordinary care and diligence in safeguarding SEABOARD's crane and cargo, and to load and stow the bailed crane and cargo onto the vessel, as thereafter directed, in the same good order and condition as when received.

42. The crane was under the exclusive control and possession of ELLER during its loading aboard the M/V INDUSTRIAL CENTURY.

43. The subject crane sustained damage while being loaded by ELLER aboard the M/V INDUSTRIAL CENTURY at the Port of Miami for transportation to Port of Cartagena, Colombia.

44. Defendant ELLER breached its duties as a bailee by failing to load and stow the bailed crane and cargo onto the vessel, as thereafter directed, and failed to exercise ordinary care and diligence in safeguarding the crane as it was damaged in the care, custody, and control of ELLER.

45. As a direct and proximate result of ELLER's breach of bailment, Plaintiff has sustained damages in the amount of $1,760,000.00.

## COUNT VI
## BREACH OF BAILMENT (INDUSTRIAL)

46. SEVEN SEAS readopts and realleges the allegations set forth in paragraphs 1 through 10 as if set forth herein at length and alleges further that:

47. Defendant INDUSTRIAL was a bailee who had possession and control of the crane subject to contract with SEABOARD based on the customary freight unit of weight to transport the subject crane aboard the M/V INDUSTRIAL CENTURY from the Port of Miami to Port of Cartagena, Colombia.

48. The said crane was delivered to INDUSTRIAL, who accepted this shipment, and agreed to transport aboard the M/V INDUSTRIAL CENTURY from the Port of Miami to Port of Cartagena, Colombia, in exchange for certain consideration.

49. INDUSTRIAL took possession of the crane from SEABOARD and agreed to load and stow the crane aboard the M/V INDUSTRIAL CENTURY, and deliver said crane to Port of Cartagena, Colombia.

50. INDUSTRIAL thereby became the bailee of said crane and owed SEABOARD the duty as a bailee to exercise ordinary care and diligence in safeguarding SEABOARD's crane and property, to load and stow the bailed crane and cargo onto the vessel, and to deliver the bailed crane and cargo to Port of Cartagena, Colombia, as thereafter directed, in the same good order and condition as when received.

51. The crane was under the exclusive control and possession of INDUSTRIAL during its loading onto the M/V INDUSTRIAL CENTURY.

52. INDUSTRIAL breached its duty as a bailee by failing to properly load and stow the bailed crane and cargo onto the vessel, and deliver said crane and cargo as agreed, in the same good order as received.

53. As a direct and proximate result of INDUSTRIAL's breach of bailment, Plaintiff has sustained damages as aforementioned.

WHEREFORE, the Plaintiff, SEVEN SEAS INSURANCE COMPANY, INC., prays this Honorable Court that judgment be entered against the Defendants, INDUSTRIAL MARITIME CARRIERS, LLC and ELLER-I.T.O. STEVEDORING COMPANY LLC, jointly, severally and *in solido* in favor of the Plaintiff, and award damages in the amount of $1,760,000.00, plus additional expenses to mitigate the loss and adjust the claim and costs, prejudgment interest, and such other relief as this Court may deem just and proper.

Dated this 9th of October 2012.

Respectfully submitted,

_____
MICHAEL H. BAGOT, JR., T.A. (#2665)
THOMAS A. RAYER, JR. (#20581)
WAGNER, BAGOT & RAYER, L.L.P.
Pan American Life Center, Suite 1660
601 Poydras Street
New Orleans, Louisiana 70130
Telephone:   504-525-2141
Facsimile:   504-523-1587
E-mail:      mbagot@wb-lalaw.com
E-mail:      trayer@wb-lalaw.com

_____\PLDG\0001